NOT RECOMMENDED FOR PUBLICATION
File Name: 21a0081n.06

No. 19-3992

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

FILED

Feb 08, 2021

DEBORAH S. HUNT, Clerk

PRIMUS GROUP, LLC, )
)
     **Plaintiff-Appellant,** )   ON APPEAL FROM THE
)   UNITED STATES DISTRICT
v. )   COURT FOR THE SOUTHERN
)   DISTRICT OF OHIO
SMITH & WESSON CORPORATION et al., )
)
     **Defendants-Appellees.** )   **OPINION**
)

---

**Before: BATCHELDER, MOORE, and BUSH, Circuit Judges.**

**KAREN NELSON MOORE, Circuit Judge.** We consider in this case whether an entertainment venue has Article III standing to pursue a class action on behalf of all persons in the United States based on the threat that gun violence poses to all American society. By failing to allege a particularized injury in fact, the venue has not shouldered its burden to allege standing at the pleading stage. Accordingly, we **AFFIRM**.

## I. BACKGROUND

Primus Group, LLC ("Primus") is an entertainment venue in Columbus, Ohio. R. 31 (Am. Compl. at 9) (Page ID #286). In August 2019, Primus filed a class action pursuant to Federal Rule of Civil Procedure 23 against eight firearms manufacturers.[1] R. 1 (Compl. at 1–2, 5) (Page ID

---

[1]Appellees are five of the eight named gun manufacturers. Appellees' Br. at 1. Appellees assert that two of the named defendants are not legal entities. *Id.* at n.1. Defendant Remington Arms Co. filed a petition seeking bankruptcy protection, resulting in an automatic stay pursuant to 11 U.S.C. § 362. *Id.*; No. 19-3992, R. 49 (9/23/20 Order); R. 68 (1/20/21 Status Rep. at 1).

#39–40, 43).  The complaint defined the putative class as:  "All persons entitled to freely attend schools, shopping locations, churches, entertainment venues, and workplaces in the United States without the intrusion of individuals armed with assault weapons."  *Id.* at 5 (Page ID #43).  Primus alleged that the arms manufacturers violated the Racketeer Influenced and Corrupt Organizations Act ("RICO") and "intentionally misrepresented the purpose of these weapons."  *Id.* at 6–9 (Page ID #44–47).  The venue sought to enjoin gun manufacturers from selling or distributing assault weapons to civilians.  *Id.* at 9 (Page ID #47).  The firearms manufacturers moved to dismiss the suit, asserting that Primus "failed to allege an actual case or controversy conferring Article III standing."  R. 30 (Mot. to Dismiss Mem. at 3) (Page ID #255).[2]  Primus then amended its complaint, which now includes public-nuisance, negligent-design, failure-to-warn, RICO, and intentional-misrepresentation claims.  R. 31 (Am. Compl. at 28–42) (Page ID #305–19).  Primus also filed a short memorandum in opposition to the motion to dismiss, R. 32 (Mem. in Opp.) (Page ID #324), and a supplemental document, R. 35 (Suppl. Auth.) (Page ID #365).  Defendants filed a Reply.  R. 34 (Reply) (Page ID #331).

In resolving the issues raised by the motion to dismiss, the district court examined only whether Primus had established Article III standing.  *See Primus Grp., LLC v. Smith & Wesson Corp.*, No. 2:19-CV-3450, 2019 WL 5067211, at *2–3 (S.D. Ohio Oct. 9, 2019).[3]  Finding that

---

[2]The manufacturers also asserted that Primus's suit threatened the separation of powers; that statutory immunity barred the court's imposing an injunction on the manufacturers; that Primus was unlikely to succeed on the merits; and that Primus failed to plead facts to support its claims.  R. 30 (Mot. to Dismiss Mem. at 2–3) (Page ID #254–55).

[3]Primus's amended complaint included the same asserted defect—i.e., failure to plead Article III standing— that prompted the manufacturers' motion to dismiss.  Thus, the district court could continue to consider the manufacturers' motion even though the motion predated Primus's amended complaint.  *See Campinha-Bacote v. Hudson*, 627 F. App'x 508, 510 (6th Cir. 2015).

Primus had not demonstrated injury in fact, the district court dismissed the suit. *See id.* at *3–4.

Primus appealed.

## II. ANALYSIS

By questioning the "sufficiency of [Primus's] pleading[s]" about standing, the firearms manufacturers launch a "facial attack" on subject-matter jurisdiction. *Wayside Church v. Van Buren County*, 847 F.3d 812, 816 (6th Cir. 2017) (internal citations omitted). We review de novo such facial challenges to subject-matter jurisdiction. *Id.* at 817.

"[T]he core component of standing is an essential and unchanging part of the case-or-controversy requirement of Article III." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992). "In essence the question of standing is whether the litigant is entitled to have the court decide the merits of the dispute or of particular issues." *Warth v. Seldin*, 422 U.S. 490, 498 (1975). "[T]he irreducible constitutional minimum of standing contains three elements." *Lujan*, 504 U.S. at 560. "The plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, — U.S. —, 136 S. Ct. 1540, 1547 (2016) (citing *Lujan*, 504 U.S. at 560–61). The plaintiff "bears the burden of establishing these elements"; "at the pleading stage, the plaintiff must 'clearly . . . allege facts demonstrating' each element." *Id.* (internal citations omitted). "That a suit may be a class action . . . adds nothing to the question of standing[.]" *Simon v. E. Kentucky Welfare Rights Org.*, 426 U.S. 26, 40 n.20 (1976). Plaintiffs who represent a class must still "allege and show" the three constitutional elements of standing. *Id.* (quoting *Warth*, 422 U.S. at 502).

The sole issue decided by the district court is whether Primus pleaded satisfactorily that the entertainment venue suffered an injury in fact. *See Primus*, 2019 WL 5067211, at *2–4; Appellant's Br. at 3; Appellees' Br. at iv. Put another way: has Primus alleged adequately that it has suffered "an invasion of a legally protected interest" that is "(a) concrete and particularized" and "(b) actual or imminent, not 'conjectural' or 'hypothetical'[?]" *Lujan*, 504 U.S. at 560 (internal quotation marks and citations omitted). We agree with the district court that Primus has failed to plead an injury in fact and that dismissal pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of standing is proper.

At bottom, Primus's amended complaint speaks of no particularized injury. Primus complains that the "persistent killing and wounding of countless persons" endangers the "health, welfare, safety and lives of all people living in the United States" and that "gun violence" poses an "imminent" and "inevitable" "threat of irreparable harm to American society[.]" R. 31 (Am. Compl. at 3) (Page ID #280). Primus merely alleges without any factual support that "Primus *is typical of any entity* that operates where people assemble to attend, *inter alia*, entertainment or music venues, restaurants, bars, stadiums and shopping centers" that "now lose market share due to public hysteria over the real threat of mass shootings and have significantly increased costs due to the resulting increased security requirements." *Id.* at 9 (Page ID #286) (first emphasis added). Thus, the complaint supplies no facts to demonstrate that Primus is "among th[ose] injured" by mass shootings, *Sierra Club v. Morton*, 405 U.S. 727, 735 (1972); that gun violence affects Primus "in a personal and individual way[,]" *Lujan*, 504 U.S. at 560 n.1; or that Primus has "a direct stake in the outcome" of this suit, *Arizonans for Official English v. Arizona*, 520 U.S. 43, 64 (1997).

4

That Primus "br[ings]" this suit "on behalf of all citizens, persons and inhabitants of the United States of America[,]" R. 31 (Am. Compl. at 3) (Page ID #280), conveys that Primus does not conceive of gun violence as a *personal* injury. *See Spokeo*, 136 S. Ct. at 1548 (collecting cases emphasizing the "personal" quality of a particularized injury). The complaint's only references to "standing" are found in a paragraph that alleges no facts that are relevant to standing's three constitutional elements. R. 31 (Am. Compl. at 9) (Page ID #286).[4] "Particularization is necessary to establish injury in fact." *Spokeo*, 136 S. Ct. at 1548. By failing to allege a particular harm, Primus has failed to meet its burden at the pleading stage to demonstrate injury in fact.

We affirm.

---

[4]Primus argues on appeal that "anxiety arising from the omnipresent threat of mass shootings by civilians armed with assault weapons is sufficient to state an injury in fact." Appellant's Br. at 6. But Primus did not allege that it suffers from "anxiety" in either of its complaints. The entertainment venue's belated argument is therefore not relevant to our review.